In the Matter of the Estate of CHARLES H. CAMPBELL, Deceased. JOHNSIE B. BURNHAM, as Administratrix de Bonis Non of the Estate of CHARLES H. CAMPBELL, Deceased, Appellant. DUDLEY DUPIGNAC et al., Respondents.

Argued December 7, 1942; decided January 21, 1943.

*George Gordon Battle* and *Thomas Stokes* for appellant. The majority of the Appellate Division erred in finding that petitioner was guilty of laches. (30 C. J. Secundum, §§ 120, 128; 10 R. C. L. tit. " Equity," § 153, p. 405; 2 Pomeroy's Equity Jurisprudence [2d ed.], § 917; *Townsend* v. *Vanderwerker*, 160 U. S. 171; *Miles* v. *Wheeler*, 43 Ill. 123; *Matter of Lord*, 78 N. Y. 109.) The majority of the Appellate Division erred in finding that there was no evidence of duress. (*Matter of Howell*, 215 N. Y. 466; *Frost* v. *Bachman*, 259 App. Div. 745; 283 N. Y. 744.) The majority of the Appellate Division erred in its finding that there was a ratification of the retainer agreement. (*Deyo* v. *Hudson*, 225 N. Y. 602; *Adams* v. *Gillig*, 199 N. Y. 314.) By reason of gross misconduct the attorneys have forfeited their right to any compensation whatsoever. (*Andrews* v. *Tyng*, 94 N. Y. 16; *Chatfield* v. *Simonson*, 92 N. Y. 209; *Matter of Conrad*, 105 S. W. [2d] 1; *Adriaans* v. *Dill*, 37 App. [D. C.] 59; *Hoboken Trust Co.* v. *Norton*, 107 Atl. 67.)

*Henry A. Uterhart* and *Alfred M. Schaffer* for Dudley Dupignac, respondent. The retainer contract is valid and cannot be rescinded under the admitted facts and surrounding circumstances of its making. (*Greenberg* v. *Remick & Co.*, 230 N. Y. 70; *Rodkinson* v. *Haecker*, 248 N. Y. 480; *Matter of Woolfson*, 158 Misc. 928; *Matter of Reisfeld*, 227 N. Y. 137; *Matter of Peterson*, 257 App. Div. 449; *Matter of Hirsch*, 154 Misc. 736; *Matter of Young*, 156 Misc. 795; *Matter of Sasson*, 231 App. Div. 524; *Audley* v. *Jester*, 148 App. Div. 94; 212 N. Y. 573.) The appellant is precluded from rescinding after a lapse of five years and eleven months and the

finding of laches by the Appellate Division. (*Matter of Woolfson,* 158 Misc. 928; *Maisel* v. *Sigman,* 123 Misc. 714.) There is no evidence that the retainer was secured by coercion. (*Maisel* v. *Sigman,* 123 Misc. 714; *Kamenitsky* v. *Corcoran,* 177 App. Div. 605; *Sylvan Mortgage Co.* v. *Stadler,* 115 Misc. 311; 199 App. Div. 965.) There is no evidence of fraud or misrepresentation upon which petitioner relied to her damage. (*McNulty* v. *Gilbert,* 154 App. Div. 298; *Kley* v. *Healy,* 149 N. Y. 343; *Reiss* v. *Levy,* 175 App. Div. 938.)

*William Whynman* for Homer Folks et al., as executors of Ralph Folks, deceased, respondents. There is sufficient evidence to substantiate the finding of inexcusable laches. (*Matter of Woolfson,* 158 Misc. 928; *Hulbert* v. *Hulbert,* 216 N. Y. 430; *Marcus v. Village of Mamaroneck,* 283 N. Y. 325; *Hathaway* v. *Payne,* 34 N. Y. 92; *Hawley* v. *Cramer,* 4 Cow. 717; *Stehl* v. *Uris,* 210 App. Div. 444; *Seligson* v. *Weiss,* 222 App. Div. 634; *Matter of Boylan,* 249 App. Div. 35; *Feldman* v. *Metropolitan Life Ins. Co.,* 259 App. Div. 123; *Galway* v. *Metropolitan El. Ry. Co.,* 128 N. Y. 132.)

*Per Curiam.* The facts sustain the findings of the Surrogate. Section 474 of the Judiciary Law (Cons. Laws, ch. 30) relating to attorneys' fees and retainers, must be read in the light of the fact that the relationship of attorney and client was already in existence between this petitioner and her attorneys when this agreement was made. As showing the trust and confidence reposed in these attorneys by petitioner, when the moneys were received she assented to their distribution without taking account of her right to deduct therefrom the taxes and other expenses payable by the estate of which she was a beneficiary. The contingent arrangement exacted from petitioner by these attorneys provided for a payment fourfold greater than that which was paid to the attorney who actually conducted the litigation. The trial consisted in the main only of introducing the written agreements in evidence and requesting the court to construe the same.

The charge of laches against petitioner must be considered in connection with the fact that the relationship of attorney and client continued, and that petitioner was under her attorneys' advice regarding the difficult nature of the litigation, and the necessity

of consulting no one else until the relationship of attorney and client was ended and she obtained independent advice. From thenceforth the matter was prosecuted with all reasonable diligence.

The order of the Appellate Division should be reversed, with costs, and the decree of the Surrogate's Court affirmed.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., taking no part.

Judgment accordingly.